UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

COLBY HUTTON, on his own behalf and on behalf of all others similarly situated,

Plaintiff,

v.

THE REINALT-THOMAS CORPORATION,

Defendant.

CASE NO. 2:25-cv-02008-TL

AMENDED ORDER[1] TO SHOW CAUSE

This matter is before the Court *sua sponte*. For the reasons stated below, the Court ORDERS Defendant Renault-Thomas Corporation to show cause as to why this case should not be remanded to Snohomish County Superior Court for lack of subject-matter jurisdiction.

## I.    BACKGROUND

This case is a proposed class action against the Renault-Thomas Corporation, who Plaintiff alleges has sent emails with false and misleading subject lines in violation of Washington's Commercial Electronic Mail Act ("CEMA"), Chapter 19.190 RCW, and

---

[1] This Order amends and supersedes the Court's prior Order (Dkt. No. 42), which the Court WITHDRAWS from the docket.

AMENDED ORDER0F to SHOW CAUSE – 1

Washington's Consumer Protection Act ("CPA"), Chapter 19.86 RCW. *See* Dkt. No. 22 (Amended Complaint) ¶¶ 114–130. Plaintiff Colby Hutton alleges that Defendant, doing business as Discount Tire, a wheel and tire retailer, "spams Washington consumers, including Plaintiff, with commercial emails whose subject lines employ various tactics to create a false sense of urgency in consumers' minds—and ultimately, from consumers' wallets." *Id.* ¶¶ 3–4. For example, a representative allegation asserts:

> 62.　On September 22, 2024, Reinalt-Thomas sent consumers a mass commercial email with the subject heading, "LAST DAY to save on Cooper and Goodyear tires!"
>
> 63.　But September 22 was not the last day for that deal.
>
> 64.　On September 23, 2024, Reinalt-Thomas again sent consumers an email stating, in the subject line: "LAST DAY to save on Cooper and Goodyear tires!"

*Id.* ¶¶ 62–64.

Plaintiff intends to pursue a class action on behalf of himself and "All Washington citizens holding an email address to which Defendant sent or caused to be sent any email listed in Exhibit A [to the Amended Complaint] during the Class Period." *Id.* ¶ 103. Plaintiff seeks: (1) to permanently enjoin Defendant from engaging in the alleged unlawful conduct—i.e., the spamming; (2) actual or liquidated damages, trebled, according to proof; and (3) costs and reasonable attorney fees. *Id.* at 18.

On September 9, 2025, Plaintiff filed a class action complaint in Snohomish County Superior Court. Dkt. No. 1-2 (state-court complaint). On October 15, 2025, Defendant removed the action to federal court, invoking this Court's subject-matter jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d), 1453. Dkt. No. 1 (notice of removal). Dkt. No. 1 (notice of removal). On December 11, 2025, Plaintiff filed an Amended

AMENDED ORDER0F TO SHOW CAUSE – 2

Complaint. Dkt. No. 22. On January 22, 2026, Defendant moved to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 29.

## II.    DISCUSSION

"[B]oth the Supreme Court and [the Ninth Circuit] have held that whether or not the parties raise the issue, 'federal courts are *required* sua sponte to examine jurisdictional issues such as standing.'" *D'Lil v. Best Western Encina Lodge & Suites*, 538 F.3d 1031, 1035 (9th Cir. 2008) (quoting *Bernhardt v. County of Los Angeles*, 279 F.3d 862, 868 (9th Cir. 2001)) (citation modified). "Removal of a civil action to federal district court is proper when the federal court would have original jurisdiction over the state court action." *Nuri v. True Religion Apparel*, No. C25-690, 2026 WL 319198, at *1 (W.D. Wash. Feb. 4, 2026) (citing 28 U.S.C. § 1441(a)). Where a case has been removed pursuant to CAFA, "the removing party must put forth evidence establishing jurisdiction if 'the court questions the defendant's allegations." *Id.* (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014)) (citation modified).

"Standing is a necessary component of the court's subject matter jurisdiction; if a plaintiff lacks standing, the court lacks jurisdiction." *Rodriguez v. Old West Export, Inc.*, 711 F. Supp. 3d 1182, 1188 (E.D. Cal. 2024) (citing *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004)). Standing itself comprises three elements: injury in fact, traceability, and redressability. *See Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013). The party that seeks to invoke the Court's jurisdiction bears the burden of establishing standing. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).

Relevant to the inquiry here, "[t]o establish Article III standing, an injury must be 'concrete, particularized, and actual or imminent[.]" *Clapper*, 568 U.S. at 409 (quoting *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 149 (2010)). "Article III standing requires a concrete injury even in the context of a statutory violation." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341

(2016). This requirement leads to two key conclusions: First, "[f]or an injury in fact to exist, a statutory violation must have 'caused a plaintiff to suffer some harm that "actually exists" in the world; there must be an injury that is "real" and not "abstract" or merely "procedural."'" *Nuri*, 2026 WL 319198, at *1 (quoting *Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1112 (9th Cir. 2017)) (citation modified). Second, "a plaintiff does not 'automatically satisfy the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right.'" *Robins*, 867 F.3d at 1112 (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016)).

Here, as the *Nuri* court explained under similar circumstances, although the Washington Supreme Court has endorsed the state legislature's identification of a party's injury in their "recei[pt] [of] the e-mail that violates CEMA," *Brown v. Old Navy, LLC*, 4 Wn.3d 580, 592, 567 P.3d 38 (2025), such injury does not necessarily satisfy this Court's injury-in-fact requirement. *See Nuri*, 2026 WL 319198, at *2. The Court, that is, "'cannot treat an injury as "concrete" for Article III purposes based only on the [state] legislature's say-so[.]'" *Id.* (quoting *TransUnion LLC v. Ramirez*, 594 U.S. 413, 426 (2021)) (citation modified). The Supreme Court has succinctly explained, "[U]nder Article III, an injury in law is not an injury in fact." *TransUnion*, 594 U.S. at 427. And "[t]he Ninth Circuit has interpreted *TransUnion* to 'require a court to assess whether an individual plaintiff' claiming harm based on an intangible injury 'has suffered a harm that has traditionally been actionable in our nation's legal system.'" *Nuri*, 2026 WL 319198, at *2 (quoting *Popa v. Microsoft Corp.*, 153 F.4th 784, 791 (9th Cir. 2025)) (citation modified).

In this case, although Defendant asserted in its notice of removal that removal was proper because, in part, "this Court could have asserted original jurisdiction over this case" (Dkt. No. 1 ¶ 21, Defendant then argues in its motion to dismiss that Plaintiff has "assert[ed] a claim without

AMENDED ORDER0F TO SHOW CAUSE – 4

any allegation of injury" (Dkt. No. 29 at 30). Given the definition of standing and the prerequisites for its establishment, both of these statements cannot be true. Defendant elaborates in its motion that "merely receiving a misleading email does not 'represent actual harm.'" *Id.*

Defendant has thus untenably taken positions on both sides of the fence, and it appears that removal was improper. "[W]hen a defendant removes a class action lawsuit and satisfies all of the requirements of CAFA removal, a federal court must remand the case to state court if the federal court determines that the plaintiffs lack Article III standing." *Kay v. Plaid Pantry, Inc.*, 768 F. Supp. 3d 1150, 1157 (D. Or. 2025).

Finally, pursuant to 28 U.S.C. § 1447(c), upon remand, the Court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Supreme Court instructs that, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. . . . [W]hen an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). "The basis for removal is objectively reasonable if 'a reasonable litigant in the defendant's position could have concluded that federal court was the proper forum in which to litigate the plaintiff's claims.'" *Brunt v. Brunt*, No. C26-5254, 2026 WL 1846675, at *2 (W.D. Wash. June 26, 2026) (quoting *Gardner v. UICI*, 508 F.3d 559, 562 (9th Cir. 2007)) (citation modified).

Here, the Court questions whether Defendant's basis for removal was objectively reasonable. Subject-matter jurisdiction and standing are elementary concepts of federal civil procedure; a licensed attorney practicing in district court should be familiar with them. There is nothing complicated or groundbreaking about the Court's analysis in this Order, and it is not unreasonable to ask whether Defendant's counsel should have known better. Defendant's certainty that Plaintiff has not sustained any injury as a result of its alleged misconduct is wholly

inconsistent with its implied position that this Court has original jurisdiction over this case, a prerequisite for removal. *See* 28 U.S.C. § 1441(a). Such contradiction runs afoul of judicial estoppel, which "precludes a party from gaining an advantage by taking one position, and then seeking a second advantage by taking an incompatible position." *Rissetto v. Plumbers & Steamfitters Loc. 343*, 94 F.3d 597, 600 (9th Cir. 1996). Judicial estoppel "is an equitable doctrine intended to protect the integrity of the judicial process by preventing a litigant from 'playing fast and loose with the courts.'" *Helfand v. Gerson*, 105 F.3d 530, 534 (9th Cir. 1997) (quoting *Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990)).

### III.  CONCLUSION

Accordingly, Defendant is ORDERED to show cause as to why this case should not be remanded to Snohomish County Superior Court. Defendant's brief must also discuss the issue of whether, in the event of remand, the Court should order Defendant to pay Plaintiff's costs and fees associated with this case's improper removal. Defendant's brief SHALL be filed **by July 22, 2026**. Further, Plaintiffs may file a response to Defendant's brief **by July 29, 2026**. Should Defendant wish to file a reply, it SHALL be filed **by August 3, 2026.**

The Clerk is DIRECTED to WITHDRAW the Court's prior Order to Show Cause (Dkt. No. 42).

Dated this 8th day of July 2026.

Tana Lin
United States District Judge

AMENDED ORDER0F TO SHOW CAUSE – 6